IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION


WILLIAM MCCLEESTER and DAWN :
MCCLEESTER, husband and wife, :
  :
  :
Plaintiffs, :
  :
  : Civil Action No: _____
vs. :
  :
DEPARTMENT OF LABOR AND INDUSTRY, :
HIRAM G. ANDREWS CENTER, :
CAROL MACKEL, in her official capacity and : JURY TRIAL DEMANDED
individually, EUGENE RICKABAUGH, in his :
official capacity and individually, JOE SMOLKO, :
in his official capacity and individually, :
JOE GORSUCH, in his official capacity and :
individually, JAMES WILDEMAN, in his official :
capacity as Director of the Bureau of Human :
Resources and individually, SUE OSBORN, in her :
official capacity and individually, :
STEPHEN M. SCHMERIN, in his official capacity :
as Secretary of the Department of Labor and :
Industry, DENNIS YEAGER, in his official :
capacity as Deputy Director of the Hiram G. :
Andrews Center and individually, DONALD :
RULLMAN, in his official capacity as the Director :
of the Hiram G. Andrews Center, and individually :
and WILLIAM A. GANNON, in his official :
capacity as Executive Director of the Office of :
Vocational Rehabilitation and individually, JOHN P.:
SARIANO, JR., in his official capacity as the former:
Director of the Bureau of Human Resources and :
individually :
  :
Defendants. :

**COMPLAINT**

     **AND NOW,** come the Plaintiffs, William McCleester and Dawn McCleester, by and

through their attorneys Vincent J. Barbera, Esq., and Nathaniel A. Barbera, Esq., of the law firm

of Barbera, Clapper, Beener, Rullo & Melvin, LLP, and demand damages against the

Defendants, DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, in her official capacity and individually, EUGENE RICKABAUGH, in his official capacity and individually, JOE SMOLKO, in his official capacity and individually, JOE GORSUCH, in his official capacity and individually, JAMES WILDEMAN, in his official capacity as Director of the Bureau of Human Resources and individually, SUE OSBORN, in her official capacity and individually, STEPHEN M. SCHMERIN, in his official capacity as Secretary of the Department of Labor and Industry, DENNIS YEAGER, in his official capacity as Deputy Director of Hiram G. Andrews Center and individually, DONALD RULLMAN in his official capacity as Director of Hiram G. Andrews Center and individually, and WILLIAM A. GANNON, in his official capacity as Executive Director of the Office of Vocational Rehabilitation and individually, JOHN P. SARIANO, JR., in his official capacity as the former Director of the Bureau of Human Resources and individually upon causes of action whereof the following are statements:

## JURISDICTION

### I.

1.      This Court has jurisdiction under the provisions of 28 U.S.C. §1346(b) and 28 U.S.C. §1343 and supplemental jurisdiction under the provision of 28 U.S.C. §1367.

## PARTIES

### II.

2.      The Plaintiffs, William McCleester and Dawn McCleester, husband and wife, are adult individuals who reside at PO Box 96, Tire Hill, Pennsylvania, 15959, and are residents of Somerset County, Pennsylvania, and the cause of action on which this action is based arose in Cambria County, Pennsylvania.  Thus, venue is properly laid in this Court.

3.      The Defendant, Department of Labor and Industry is a Commonwealth of Pennsylvania agency located at 17th & Forester Streets, Harrisburg, Pennsylvania 17120.

4.      The Defendant, Hiram G. Andrews Center, is a comprehensive rehabilitation facility providing educational, health, counseling and psychological services to individuals with disabilities located at  727 Goucher Street, Johnstown, Pennsylvania 15905.

5.      The Defendant, Carol Mackel, is an adult individual who is the Human Resource Manager at the Hiram G. Andrews Center located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

6.      The Defendant, Eugene Rickabaugh, is an adult individual who is a Facility Maintenance Manager 1 at the Hiram G. Andrews Center located at 727 Goucher Street, Johnstown, Pennsylvania 15905

7.      The Defendant, Joe Smolko, is an adult individual who is the Maintenance Instructor at the Hiram G. Andrews Center and formerly the Building Maintenance Supervisor located at 727 Goucher Street, Johnstown, Pennsylvania 15905

8.      The Defendant, Joe Gorsuch, is an adult individual who is the Utility Plant Supervisor at the Hiram G. Andrews Center  located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

9.      The Defendant, James Wildeman, is an adult individual who is the Director of the Bureau of the Human Resources located at 17th & Forester Streets, Harrisburg, Pennsylvania 17120.

10.      The Defendant, Sue Osborn is an adult individual who is a Clerk Typist 3 at the Hiram G. Andrews Center located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

11.     The Defendant, Stephen M. Schermin is an adult individual who is the Secretary of the Department of the Labor and Industry located at 17th & Forester Streets, Harrisburg, Pennsylvania 17120.

12.     The Defendant, Dennis Yeager is an adult individual who is Deputy Director at the Hiram G. Andrews Center located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

13.     The Defendant, William A. Gannon is an adult individual who is the Executive Director of the Office of Vocational Rehabilitation located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

14.     The Defendant, John P. Sariano, Jr., is an adult individual who was the former Director of the Bureau of the Human Resources located at 17th & Forester Streets, Harrisburg, Pennsylvania 17120.

15.     The Defendant, Donald Rullman, is an adult individual who is Director at the Hiram G. Andrews Center located at 727 Goucher Street, Johnstown, Pennsylvania 15905.

## CAUSE OF ACTION
### III.

16.     William McCleester was the Facilities Maintenance Manager 3 at the Hiram G. Andrews Center for 11 years.  As the Facilities Maintenance Manager 3, Plaintiff was responsible for the planning, organizing and directing of the facility's maintenance including but not limited to all plant maintenance, utility and heating plant maintenance, groundskeeping, housekeeping, and vehicle maintenance and operations.  Plaintiff supervised forty to fifty rank and file employees and one manager. He had a secretary, access to a computer, fax machine, intercom system, security system, two mailboxes, keys to the entire facility and an air conditioned office.  He was also provided a cell phone and radio for his 24 hour 7 day a week on call duties.

17.     Plaintiff is a civil service employee and therefore not an at will employee.

18.     Plaintiff received Commendable or Satisfactory for all job factors in his Employee Performance Reviews during his employment as Facilities Maintenance Manager. He was named Engineer of the year for 1997-1998 by the Pennsylvania Facilities Managers Association. He received the Outstanding Achievement Award for 2001-2002 for his work on an $8.3 Million ESCO project.

19.     On or about May 1987 Plaintiff was diagnosed with diabetes. On or about August 1995 he was diagnosed with multiple sclerosis. Plaintiff also suffers from hearing impairment.

20.     The symptoms of multiple sclerosis are pain, partial or total paralysis of limbs, muscle weakness, numbness, affected memory, fatigue, etc. Stress and heat, among other things, can exacerbate the symptoms of multiple sclerosis.

21.     As a consequence of Plaintiff's multiple sclerosis and diabetes, Plaintiff must take medications like Oxycontin. In Plaintiff's better judgment, Plaintiff felt that it was inappropriate to have narcotics on the premises of the Hiram G. Andrews Center. Plaintiff was forced to travel home throughout the day to administer his medications.

22.     Plaintiff is required to use an insulin pump to regulate his diabetes.

23.     As a result of Plaintiff's hearing impairment, Plaintiff must wear hearing aids in both ears and speaks in a loud voice.

24.     Between 2001 and 2002, Defendant, Carol Mackel, attempted to block Plaintiff from receiving a promotion from Facilities Maintenance Manager 2 to Facilities Maintenance Manager 3 which would place Plaintiff one pay level above Defendant, Mackel. Defendant, Mackel, was asked to file an application to the Department of Labor and Industry for a desk-audit to determine if Plaintiff was eligible for the promotion. Defendant, Mackel, never filed

5

such application nor requested a desk-audit for Plaintiff. Plaintiff requested the desk-audit from the Department of Labor and Industry which was promptly conducted. Plaintiff was granted the promotion to the chagrin of Defendant, Mackel.

25.     After Plaintiff received his promotion, Defendants, Rickabaugh, Smolko, Osborn and Gorsuch, with Mackel as the ring leader devised a plan to secretly investigate Plaintiff in order to have Plaintiff terminated.

26.     Defendants Rickabaugh, Smolko, and Gorsuch, were supervisors under Plaintiff. If they were successful in having Plaintiff, terminated, they would receive promotions and personal gain.

27.     Defendant, Osborn, was Plaintiff's secretary. She was angry at Plaintiff because Plaintiff had reprimanded her two brothers-in-law who worked for Plaintiff.

28.     Defendants, Mackel, Rickabaugh, Smolko, Osborn and Gorsuch arranged a meeting with Dr. Albert Reynolds, the director of the Hiram G. Andrews Center at the time and duped him into believing that a secret investigation of Plaintiff was necessary. Dr. Reynolds requested an investigation be done under the recommendation of Defendant Carol Mackel.

29.     A Workplace Violence Incidents Report was filed allegedly by Samuel Cammarata who testified at the Civil Service Commission hearing that he never filed such report against Plaintiff. It was discovered that Defendant, Carol Mackel, actually filed the report against Plaintiff as part of her deceptive scheme to have Plaintiff terminated.

30.     Plaintiff had no knowledge or warning of deficient performance in any aspect of his work and was totally uninformed that he was the subject of an investigation.

31.     Plaintiff was not given any warnings nor was he given any progressive discipline. Plaintiff was given no opportunity to correct any of the alleged deficiencies in his performance.

6

Other employees at the Hiram G. Andrews Center were given warnings, progressive discipline and opportunities to correct performance.

32.     On or about June 1, 2004, Plaintiff was called into a meeting with Dr. Albert Reynolds who was the Director of the Center at that time for a "fact finding meeting". It began at 10:15 a.m. and lasted until 3:00 p.m. During this meeting Plaintiff was not permitted any breaks nor was he permitted to use his medications for his diabetes. During this meeting Plaintiff was not allowed to access any of his records to explain the complaints or reports against him.

33.     On or about June 7, 2004, Plaintiff was suspended pending investigation from his job and was not permitted on the Center grounds or to contact any Center employees.

34.     A second fact finding meeting was held on or about August 2, 2004. Plaintiff, along with his counsel went to the meeting; however, the interrogators, without any legal basis, refused to allow Plaintiff's counsel to attend or participate.

35.     Plaintiff's need to vary his work hours and travel home for his medications were mischaracterized by Defendants, Mackel, Rickabaugh, Smolko, Osborn, and Gorsuch as violations of the Hiram G. Andrews Center's policies.

36.     Defendants, Rickabaugh and Smolko, accused Plaintiff of theft of a digital camera, which was actually "planted" in Plaintiff's vehicle.

37.     Defendants accused Plaintiff of theft of other property from Hiram G. Andrews Center.

38.     Defendants in their plan to have Plaintiff terminated characterized Plaintiff as mean spirited and retaliatory and irrational.

39.     As a result of the investigations and accusations by Defendants, Plaintiff was terminated from his employment on or about August 17, 2004.

40.     On or about June 18, 2004, Plaintiff filed an appeal before the State Civil Service Commission from his suspension on June 1, 2004 and later added to his appeal his termination on or about August 17, 2004.

41.     The State Civil Service Commission conducted an extensive seven (7) day hearing to determine their adjudication.

42.      On June 30, 2005, the State Civil Service Commission rendered their adjudication which reduced the termination to a fifteen day suspension with back pay and benefits.

43.     An appeal was filed to the Commonwealth Court by the Department of Labor and Industry.  The Commonwealth Court affirmed the State Civil Service Commission's decision on March 17, 2006.

44.     On or about August 1, 2005, Plaintiff went back to work at the Hiram G. Andrews Center; however Plaintiff's job responsibilities were greatly restricted. Plaintiff was not afforded the same position that he previously held.  He was not afforded a secretary, access to a multi-lined telephone, computer, fax machine, intercom, security or a mailbox.  Plaintiff has been directed not to have any contact with the personnel of the Hiram G. Andrews Center. The personnel at the Center were directed not to have any contact with Plaintiff. He is no longer allowed to supervise any of the employees.  Plaintiff has been advised that he is not to be involved in the day to day operation of his division.  Further, his working hours have been restricted to 8:00 am until 4:00pm.

45.     Plaintiff was given an eight by ten foot room for his "office".  This room became excessively hot, with the temperature in excess of 85 degrees and no windows to the outside that

8

could be opened. There was no air conditioning in this room. Plaintiff requested a fan and was told by Defendants Rullman and Yeager that to obtain a fan Plaintiff would have to file a Reasonable Accommodation Form. Carol Taylor, Plaintiff's third supervisor in three months, graciously provided Plaintiff a fan without a Reasonable Accommodation Form filled out. The Plaintiff was isolated and was essentially confined to his "office".

46.     The excessive heat of Plaintiff's new "office" caused him to have increased headaches, leg pain and for his blood sugar levels to escalate, which severely exacerbated Plaintiff's multiple sclerosis and diabetes.

47.     As a result of the exacerbation of Plaintiff's multiple sclerosis and diabetes from the conditions of his "new" job and the directed behaviors of the employees of the Hiram G. Andrews Center, Plaintiff has been unable to work since February 13, 2006.

48.     Plaintiff, William McCleester, has had damage done to his reputation in the workplace and Plaintiffs, William McCleester and Dawn McCleester, have damage to reputations in the community as a result of the behaviors of the Defendants.

49.     The Defendants, Department of Labor and Industry and the Hiram G. Andrews Center, have not paid Plaintiff the back pay that he is entitled to from the upheld decision of the State Civil Service Commission.

50.     The Defendants, Department of Labor and Industry and the Hiram G. Andrews Center, have not credited Plaintiff with the appropriate number of vacation days, sick days, and personal days in the same manner as they do to other similarly situated employees.

51.     Defendants Rullman and Yeager held meetings with other division directors and staff from Plaintiff's division detailing Plaintiff's position and stating that Plaintiff would never be back to the Hiram G. Andrews Center, but if he did come back he would never get his job back.

52.     On or about January 11, 2006, Plaintiff was to make a presentation about the technical aspects of the ESCO project at a town meeting. Approximately five minutes before Plaintiff's presentation, Defendant Yeager told Carol Taylor that to permit Plaintiff to make the presentation would be "unforgivable". Defendant Yeager told Carol Taylor that he would be embarrassed to be on the same stage as Plaintiff. Defendant Yeager asked Carol Taylor what kind of message she was trying to send. Carol Taylor had no choice but to not permit Plaintiff to make the presentation.  Carol Taylor was "relieved" of her supervision of Plaintiff approximately 2 to 3 days later.

53.     As the result of the above described conduct of the Defendants, jointly and severally, the Plaintiffs, William McCleester and Dawn McCleester, sustained injuries, losses and damages more fully hereinafter described.

## COUNT I – CIVIL RIGHTS 42 U.S.C.A.§ 1983
## WILLIAM MCCLEESTER
### V.

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JAMES WILDEMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY, SUE OSBORN, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, STEPHEN M. SCHMERIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF LABOR AND  INDUSTRY, DENNIS YEAGER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DEPUTY DIRECTOR OF HIRAM G. ANDREWS CENTER, DONALD RULLMAN IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DIRECTOR OF HIRAM G. ANDREWS CENTER, AND WILLIAM A. GANNON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OFFICE OF VOCATIONAL REHABILITATION AND INDIVIDUALLY, JOHN P. SARIANO, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY**

54.     The Plaintiff William McCleester incorporates herein by reference thereto, paragraphs 1 through 53 as if the same are more fully set forth herein at length.

55.     The Defendants, while acting in an ultra vires manner and in their official capacities as employees of the Hiram G. Andrews Center, violated Plaintiff's procedural and due process rights and deprived Plaintiff of rights, privileges and immunities secured by the Constitution of Pennsylvania and the Constitution of the United States of America.

56.     The Defendants have engaged and continue to engage in behavior that violates Plaintiff's constitutional property interest right both individually and as an employee of the Commonwealth in retaliating against Plaintiff for succeeding in the State Civil Service Commission suit and  have thereby irreparably injured Plaintiff.

57.     Plaintiff has worked at the Hiram G. Andrews Center for 11 years. As a civil service employee, Plaintiff is not an at will employee.

58.     Plaintiff went back to work on or about August 1, 2005. Since Plaintiff's reinstatement he is not in the same position that he previously held. His responsibilities, accommodations and hours have been greatly restricted from his previous position as Facilities Maintenance Manager 3.

WHEREFORE, the Plaintiff, William McCleester, demands damages against the Defendants in an amount in excess of $75,000.00, plus costs, interest and reinstatement of his position as Facilities Maintenance Manager 3 and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

## COUNT II – CIVIL RIGHTS 42 U.S.C.A. § 1985(3)
## WILLIAM MCCLEESTER
### V.

11

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY and INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY and INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY and INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY and INDIVIDUALLY, AND SUE OSBORN, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY**

59.     The Plaintiff, William McCleester, incorporates herein by reference thereto paragraphs 1 through 58 above, as if the same were more fully set forth herein at length.

60.     The Defendants have entered into conspiracies with each other, at one time or another, to deprive Plaintiff, either directly or indirectly, of his privileges and immunities under the laws, specifically Plaintiff's civil rights guaranteed by the Fourteenth Amendment of the United States Constitution.

61.     Plaintiff has been injured by being deprived of his rights and privileges as a citizen of the United States, and has been damaged as a result thereof.

WHEREFORE, the Plaintiff, William McCleester, demands damages against the Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

**COUNT III – EQUAL PROTECTION**

**WILLIAM MCCLEESTER**

**V.**

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JAMES WILDEMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY, SUE OSBORN, IN HER OFFICIAL CAPACITY AND**

**INDIVIDUALLY, STEPHEN M. SCHMERIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF LABOR AND INDUSTRY, DENNIS YEAGER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DEPUTY DIRECTOR OF HIRAM G. ANDREWS CENTER, DONALD RULLMAN IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DIRECTOR OF HIRAM G. ANDREWS CENTER, AND WILLIAM A. GANNON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OFFICE OF VOCATIONAL REHABILITATION AND INDIVIDUALLY, JOHN P. SARIANO, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY**

62.     The Plaintiff, McCleester, incorporates herein by reference thereto paragraphs 1 through 61 above, as if the same were more fully set forth herein at length.

63.     The Plaintiff has a right to equal protection under the law secured by the Fourteenth Amendment of the United States Constitution.

64.     Plaintiff has worked at the Hiram G. Andrews Center for 11 years. As a civil service employee, Plaintiff is not an at will employee.

65.     The Defendants both individually and in their official capacities violated the Plaintiff's right to equal protection by conspiring against him in not crediting him with the same pay, vacation days, sick days, and personal days as other employees that have the same time and experience as Plaintiff.

66.     The Defendants both individually and in their official capacities violated Plaintiff's right to equal protection by engaging in conduct not rationally related to legitimate government objectives by retaliating against Plaintiff for the successful State Civil Service Commission suit of Plaintiff by not correctly paying Plaintiff and by not reinstating him to his prior position as directed by the Civil Service Commission.

13

67.     Defendants both individually and in their official capacities violated Plaintiff's right to equal protection by not treating Plaintiff the same as other supervisors of the Hiram G. Andrews Center.

68.     Plaintiff was not accorded the same warnings, progressive discipline or opportunities to correct performance as other employees similarly situated would and have been accorded.

69.     Plaintiff went back to work on or about August 1, 2005. Since Plaintiff's reinstatement he is not in the same position that he previously held. His responsibilities, accommodations and hours have been greatly restricted from his previous position as Facilities Maintenance Manager 3.

WHEREFORE, the Plaintiff, McCleester, demands damages against the Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### And
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### WILLIAM MCCLEESTER
### V.

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JAMES WILDEMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY, SUE OSBORN, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, STEPHEN M. SCHMERIN, IN HIS OFFICIAL CAPACITY AS**

14

**SECRETARY OF THE DEPARTMENT OF LABOR AND  INDUSTRY, DENNIS YEAGER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DEPUTY DIRECTOR OF HIRAM G. ANDREWS CENTER, DONALD RULLMAN IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DIRECTOR OF HIRAM G. ANDREWS CENTER, AND WILLIAM A. GANNON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OFFICE OF VOCATIONAL REHABILITATION AND INDIVIDUALLY, JOHN P. SARIANO, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY**

70.     The Plaintiff, McCleester, incorporates herein by reference thereto paragraphs 1 through 69 above, as if the same were more fully set forth herein at length.

71.     Defendants have intentionally, recklessly and/or negligently have directed employees of Hiram G. Andrews Center to have no contact with Plaintiff.

72.     Defendants have intentionally, recklessly, and/or negligently accused Plaintiff of theft of property, time and use of Commonwealth vehicles.

73.     Defendants, Mackel, Rickabaugh, Smolko, Gorsuch and Osborn,  intentionally, recklessly and/or negligently mischaracterized Plaintiff's work hours and need to travel home for medications as violations of Hiram G. Andrews Center's policies.

74.     Defendant, Mackel, deceptively filed a Workplace Violence Incident Report against Plaintiff in an attempt to have Plaintiff terminated.

75.     Defendants have intentionally, recklessly and/or negligently restricted Plaintiff to an office that exceeded temperatures of over 85 degrees.  Defendants did not provide Plaintiff with air conditioning. Plaintiff requested a fan and was told by Defendants Rullman and Yeager that to obtain a fan Plaintiff would have to file a Reasonable Accommodation Form. Carol Taylor, Plaintiff's third supervisor in three months, graciously provided Plaintiff a fan without a Reasonable Accommodation Form filled out.

76.     Defendants have intentionally, recklessly and/or negligently accused Plaintiff of accessing x-rated websites in the workplace.

77.     Defendants have intentionally, recklessly and/or negligently severely damaged the reputation of Plaintiff.

78.     Defendants are aware that Plaintiff suffers from multiple sclerosis and diabetes.

79.     As a direct and proximate result of the extreme and outrageous intentional, reckless and/or negligent behaviors as referenced above of the Defendants, Plaintiff has suffered substantial mental pain and suffering and severe emotional distress and injury.

80.     As a direct and proximate result of the substantial mental pain and suffering and severe emotional distress, Plaintiff has suffered severe injuries such as pain in his legs, numbness, and partial paralysis of the left side of his body.

81.     As a direct and proximate result of substantial mental pain and suffering and severe emotional distress and severe injuries associated with that emotional distress, Plaintiff's multiple sclerosis and diabetes have been so exacerbated that he is unable to work.

WHEREFORE, the Plaintiff, McCleester, demands damages against the Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED

## COUNT V – DEFAMATION/SLANDER

## WILLIAM MCCLEESTER

### V.

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JAMES WILDEMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY, SUE OSBORN, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, DENNIS YEAGER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DEPUTY DIRECTOR OF HIRAM G. ANDREWS CENTER, DONALD RULLMAN IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DIRECTOR OF HIRAM G. ANDREWS CENTER, AND WILLIAM A. GANNON, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OFFICE OF VOCATIONAL REHABILITATION AND INDIVIDUALLY, JOHN P. SARIANO, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY**

82.     Plaintiff, William McCleester, incorporates herein by reference thereto paragraphs 1 through 81 above, as if the same were more fully set forth herein at length.

83.     Defendants accused Plaintiff of theft of property, time, and use of Commonwealth vehicles.  Defendants have accused him of using Commonwealth computers to look at X-rated material.

84.     Defendants directed the employees of the Hiram G. Andrews Center to have no contact with Plaintiff.

85.     Defendants Rullman and Yeager held meetings with other division directors and staff from Plaintiff's division detailing Plaintiff's position and stating that Plaintiff would never be back to the Hiram G. Andrews Center, but if he did come back he would never get his job back.

86.     On or about January 11, 2006, Plaintiff was to make a presentation about the technical aspects of the ESCO project at a town meeting. Approximately five minutes before Plaintiff's presentation, Defendant Yeager told Carol Taylor that to permit Plaintiff to make the presentation would be "unforgivable". Defendant Yeager told Carol Taylor that he would be embarrassed to be on the same stage as Plaintiff. Defendant Yeager asked Carol Taylor what kind of message she was trying to send. Carol Taylor had no choice but to not permit Plaintiff to make the presentation. Carol Taylor was "relieved" of her supervision of Plaintiff approximately 2 to 3 days later.

87.     Defendants' behaviors and comments toward Plaintiff and others seriously damaged Plaintiff's reputation in the workplace as well as in the community.

WHEREFORE, the Plaintiff, William McCleester, demands damages against the Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

## COUNT VI

## DAWN MCCLEESTER

### V.

**DEPARTMENT OF LABOR AND INDUSTRY, HIRAM G. ANDREWS CENTER, CAROL MACKEL, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, EUGENE RICKABAUGH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE SMOLKO, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JOE GORSUCH, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, JAMES WILDEMAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY, SUE OSBORN, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY, STEPHEN M. SCHMERIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF LABOR AND INDUSTRY, DENNIS YEAGER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DEPUTY DIRECTOR OF HIRAM G. ANDREWS CENTER, DONALD RULLMAN IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY AS DIRECTOR OF HIRAM G. ANDREWS CENTER, AND WILLIAM A. GANNON, IN HIS OFFICIAL CAPACITY AS**

**EXECUTIVE DIRECTOR OF THE OFFICE OF VOCATIONAL REHABILITATION AND INDIVIDUALLY, JOHN P. SARIANO, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE BUREAU OF HUMAN RESOURCES AND INDIVIDUALLY**

88.     Plaintiff, Dawn McCleester, incorporates herein by reference thereto paragraphs 1 through 87 above, as if the same were more fully set forth herein at length.

89.     Solely as a result of the injuries suffered by the husband Plaintiff, William McCleester, the wife Plaintiff, Dawn McCleester, has incurred the following damages:

(a)     She has, may and probably will for an indefinite time in the future be obligated to expend various sums of money for medical and surgical attention, hospitalization, medicines, drugs, prosthetic devices and other medical expenses in and about endeavoring to treat and cure the husband Plaintiff, William McCleester, of his said injuries, and she may be obligated to continue to expend such sums and incur such expenditures for an indefinite time in the future.

(b)     She has, may and probably will for an indefinite time in the future suffer loss of the husband Plaintiff William McCleester's earning capacity and power which loss of earnings and impairment of earning capacity or power is or may be permanent.

(c)     She has, may and probably will for an indefinite time in the future suffer a loss of the husband Plaintiff, William McCleester's love, comfort and society.

(d)     She has suffered a loss of consortium.

WHEREFORE, the Plaintiff, Dawn McCleester, demands damages against the Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.


                                        BARBERA, CLAPPER, BEENER, RULLO
                                        & MELVIN, LLP


Date: May 31, 2006                      By:/s/ Vincent J. Barbera_____
                                                Vincent J. Barbera, Esq.
                                                Court Adm. Cert. No.: 34441



                                        By:/s/ Nathaniel A. Barbera_____
                                                Nathaniel A. Barbera, Esq.
                                                Court Adm. Cert. No.: 05615

                                        146 West Main Street
                                        P.O. Box 775
                                        Somerset, Pennsylvania  15501-0775
                                        Tel:  (814)  443-4681
                                        Attorneys for the Plaintiffs